# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy; Nannette Larson;<br>Dr. Schmult; Centurion of Minnesota;<br>Dr. Stephen Craane; Kathy Reid;<br>David Reishus; and Katherine Powers,<br><br>    Defendants. | Case No. 15-cv-2778 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  Plaintiff Courtney Bernard Clark, a prisoner, commenced this action alleging violations of his constitutional rights. Clark did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP"). [*See* Doc. No. 2.] In an Order dated July 13, 2015, this Court ordered Clark to pay an initial partial filing fee of $29.10 within twenty days, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. (Order at 5 (citing Fed. R. Civ. P. 41(b)) [Doc. No. 9].)

  That deadline has now passed. Clark has not paid the initial partial filing fee, but instead filed a new IFP application stating he is unable to work. [Doc. No. 13.] This Court does not doubt that Clark qualifies financially for IFP status. But under 28 U.S.C. § 1915(b), a prisoner bringing a civil action must be assessed an initial partial filing fee before being permitted to proceed. Based on the financial information contained in the

"Certificate of Authorized Prison Official" provided by Clark, he has the assets and means to pay such an initial partial filing fee. [*See* Doc. No. 8-1 at 2 (calculating Clark's average monthly deposits as $145.50 and average monthly trust balance as $65.25).] Nevertheless, Clark has not yet paid the required initial partial filing fee in this action. Accordingly, this Court now recommends, in accordance with its July 13, 2015, Order, that this action be dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based upon the foregoing, and on all of the files, records, and proceedings herein,
**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b);

2. Clark's applications to proceed IFP [Doc. Nos. 2, 13] be **DENIED AS MOOT**;

3. Clark's motion to appoint counsel [Doc. No. 3] be **DENIED AS MOOT**;

4. Clark's motion for an order to show cause [Doc. No. 4] be **DENIED AS MOOT**; and

5. Clark's motion to cease and assist [Doc. No. 7] be **DENIED AS MOOT**.

Dated: August 11, 2015       s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.