UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

COURTNEY BERNARD CLARK,

      Plaintiff,

v.                               **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 15-2778 (MJD/HB)

COMMISSIONER TOM ROY, et al.,

      Defendants.

---

Courtney Bernard Clark, pro se.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer dated August 11, 2015. Plaintiff Courtney Bernard Clark filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court declines to adopt the Report and Recommendation.

Plaintiff has filed motions to proceed in forma pauperis. [Docket No. 2, 13] As a prisoner plaintiff, he is subject to 28 U.S.C. § 1915(b)(1)'s requirements that

he must, eventually, pay the entire filing fee and that he must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the preceding 6-month period.

As of June 29, 2015, the average monthly deposits in Plaintiff's prison account during the preceding 6-month period was $145.50, and the average monthly balance during that period was $65.25.  [Docket No. 8-1]   On that date, Plaintiff had zero dollars in his prison account.  [Id.]  Based on 28 U.S.C. § 1915(b)(1), Plaintiff's initial partial filing fee was calculated to be $29.10.  On July 13, 2015, the Magistrate Judge ordered Plaintiff to pay $29.10 within 20 days or else dismissal would be recommended.  [Docket No. 9]

On August 3, 2015, Plaintiff filed an "Account History" as of July 29, 2015.  [Docket No. 12-1]  The form appears to have been handwritten by Plaintiff and signed by the offender accounts official at Plaintiff's prison.  The document states that, as of that date, Plaintiff had $0.27 in his account; that for the last 6 months, after 20% was taken out of Plaintiff's account for court fees, restitution, and processing, the amount deposited was $155.50; and that the average amount

deposited into Plaintiff's account "after the 20% deductions" was $42.20.  [Docket No. 12-1]

On August 5, Plaintiff filed a new application to proceed without prepaying fees or costs.  [Docket No. 13]  This document stated that, as of July 29, 2015, Plaintiff had $0.47 in cash or checking or savings accounts.

On August 11, the Magistrate Judge recommended dismissal of Plaintiff's action for failure to pay the initial partial filing fee.  [Docket No. 14]  The Magistrate Judge concluded that, considering the documents filed by Plaintiff showing the average monthly deposit and average balance in his account, he had the assets and means to pay the initial partial filing.

On August 27, Plaintiff filed his objections to the Report and Recommendation.  He argues that he does not know what his income from his family might be each month and that he cannot work due to medical and safety reasons.  He represents that his account has a court order to send in $29.10 and $35.00 once money is deposited into the account.

The Court can dismiss a prisoner action when the prisoner fails to pay the initial filing fee as ordered.  See Amick v. Ashlock, 113 F. App'x 191, 192 (8th Cir. 2004).  However, such a dismissal would be "an abuse of discretion" when the

record reflects that the prisoner "did not ignore the district court's orders, but attempted to comply, and that his failure to comply was beyond his control." <u>Clemmons v. City of Kansas City, Mo.</u>, 495 F. App'x 746, 746 (8th Cir. 2012).

Here, Plaintiff has filed multiple documents showing that he currently has, at most, less than fifty cents in his prison account. He has represented that there is a court order on his account to send the partial filing fee as soon as it is deposited. The Court concludes that, at this time, Clark has demonstrated that he has attempted to comply with the Order to pay the partial filing fee and that his failure to comply was beyond his control. Therefore, the Court will decline to dismiss Plaintiff's lawsuit at this time, but will order Plaintiff to provide proof to this Court that he has informed prison officials to remit the partial filing fee to this Court as soon as money is deposited into his account.

The Magistrate Judge recommended dismissal of the outstanding motions in this lawsuit as moot. Because the Court declines to dismiss this action for failure to prosecute, this matter is remanded to the Magistrate Judge for prescreening pursuant to 28 U.S.C. § 1915A, and the outstanding motions are remanded for consideration on the merits.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **DECLINES TO ADOPT** the Report and Recommendation of United States Magistrate Judge Hildy Bowbeer dated August 11, 2015 [Docket No. 14].

2. Within 20 days of the date of this Order, Plaintiff Courtney Bernard Clark is ordered to file proof with this Court that

    a)  Plaintiff has requested that prison officials remit the partial filing fee to this Court as soon as money is deposited into his account; and

    b)  Plaintiff has informed prison officials that, under 28 U.S.C. § 1915(b)(2), they must "forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid."

Dated:  September 28, 2015            s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court