**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Courtney Bernard Clark,<br><br>     Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy, Nannette Larson, Dr. Schmult, Centurion of Minnesota, Dr. Stephen Craane, Kathy Reid, David Reishus, and Katherine Powers,<br><br>     Defendants. | Case No. 15-cv-2778 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

Courtney Bernard Clark, #42698, North Dakota State Prison, PO Box 5521, 3100 Railroad Ave, Bismarck, ND 58506, pro se

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Plaintiff Courtney Bernard Clark's self-styled Order to Show Cause for a Preliminary Injunction [Doc. No. 4], which the Court will assume was intended as a motion and will refer to it as such. The motion was referred to the undersigned United States Magistrate Judge for the issuance of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends denying Plaintiff's motion as moot.

**I. Background**

  Plaintiff filed this motion on June 23, 2015 [Doc. No. 4]. He simultaneously filed an application to proceed in forma pauperis ("IFP") [Doc. No. 2] and the motion for a

preliminary injunction. Plaintiff paid the first portion of his initial filing fee on October 5, 2015 [Doc. No. 18]. The Court granted Clark's IFP application on November 10, 2015, and screened it pursuant to 28 U.S.C. § 1915A [Doc. No. 20]. Plaintiff did not submit Marshal Service Forms (Form USM-285) at that time, however. *Id.* The Court therefore ordered him to submit those forms within thirty days of that order. *Id.* At some point during fall 2015, Plaintiff was transferred from the Minnesota Correctional Facility in Stillwater, Minnesota to a North Dakota state prison. Summonses were issued to all Defendants on December 23, 2015, but as of this date, no Defendants have yet been served. No Defendants have made an appearance or responded to Plaintiff's motion in any way.

## II.   Plaintiff's Motion

In his motion for a preliminary injunction, Plaintiff alleges he has four nodules in his throat that cause him difficulty with breathing, eating, and other activities of daily life. (Mot. at 1 [Doc. 4].) Plaintiff also alleges other health problems that may or may not be related to the nodules. (*Id.* at 1-3.) In his request for relief, Plaintiff seeks surgery, to be transferred, a better medical system, to see specialists for his ears, to stop the use of the term "Münchausen Syndrome" in his medical file, to see a specialist for his back, to stop the gross neglect and harassment by staff members, to make the Minnesota Department of Corrections accountable in some way, to protect him from future cruel and unusual punishment and due process violations, a full-body CAT scan, and compensation in the amount of $500,000. (Statement of Fact at 8 [Doc. 5].)

**III.    Discussion**

The Eighth Circuit recently reiterated the factors a district court must consider in determining whether to issue a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties [ ]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 914 (8th Cir. 2015) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). "The Eighth Circuit has consistently held that a prisoner's transfer to a different facility in which the alleged unlawful conduct no longer exists renders that prisoner's request for injunctive relief moot." *Akehurst v. Mundt*, No. 01-cv-574 (JRT/RLE), 2002 WL 1729521, at *2 (D. Minn. July 23, 2002) (citations omitted). Mootness is especially likely "where the transfer takes the prisoner outside the authority and care of the allegedly offending prison officials." *Munt v. Larson*, No. 15-cv-0582 (SRN/SER), 2015 WL 5673108, at *15 (D. Minn. Sept. 23, 2015).

Here, Plaintiff's motion alleges deficiencies in his care arising from his time at the Minnesota Correctional Facility in Stillwater, Minnesota. In his complaint, Plaintiff states Minnesota Department of Corrections Commissioner Tom Roy, Nannette Larson, and Dr. Stephen Craane all work at the Minnesota Department of Corrections. (Complt. [Doc. No. 1 at 4].) Plaintiff also lists Katherine Powers as a nurse who treated him while he was at Stillwater. (Ex. 5 at 2 [Doc. No. 1-5].) Plaintiff states Centurion of Minnesota provided health insurance during the events at issue. (Ex. 1 at 1-3 [Doc. No. 1-1].)

3

Plaintiff claims Dr. Schmult is an ear, nose, and throat specialist at Health Partners who examined Clark in February 2015.  (Ex. 8 at 2 [Doc. No. 1-8].)  Finally, Plaintiff attached an organizational chart of the Minnesota Correctional Facility in Stillwater, Minnesota that lists Kathy Reid and David Reishus as its employees.  (Ex. 21 at 9 [Doc. No. 1-21].)  The Court has no reason to believe that these Defendants continue to be responsible for Plaintiff's medical care in North Dakota.  Similar to this case, many courts have denied injunctive medical relief when a plaintiff is transferred to a different prison.  *See, e.g.*, *Anderson v. United States,* No. 11-cv-1486 (DWF/LIB), 2013 WL 1173948, at *7 n.11 (D. Minn. Jan. 25, 2013) *R. & R. adopted,* No. 11-cv-1486 (DWF/LIB), 2013 WL 1173901 (D. Minn. Mar. 20, 2013) *aff'd,* 564 F. App'x 865 (8th Cir. 2014) *cert. denied,* 135 S. Ct. 1184 (2015) (denying injunctive surgical relief after plaintiff was transferred from Rochester, Minnesota to Texas); *Davis v. Caruso*, No. 07-11740, 2008 WL 878878, at *4 (E.D. Mich. Mar. 28, 2008) (denying injunctive relief requesting oncologist treatment after plaintiff was transferred to a new prison facility and was no longer under the care or custody of any of the officials identified in his motions).  The Court therefore recommends denying Plaintiff's motion for medical injunctive relief as moot.

     Regarding Plaintiff's request to be transferred, the Court again notes that Plaintiff was transferred at some point after filing his complaint and motion for a preliminary injunction.  The Court therefore recommends denying all injunctive relief requested[1] as moot.

---

[1] In his motion for a preliminary injunction, Plaintiff seeks $500,000 in compensation. As this is not a request for injunctive relief, the Court declines to address it here.

## IV. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Courtney Bernard Clark's [Motion for] Order to Show Cause for a Preliminary Injunction [Doc. No. 4] be **DENIED AS MOOT**.

Dated: January 8, 2016

    s/ *Hildy Bowbeer*
    HILDY BOWBEER
    United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.