UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>             Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy, Nannette Larson, Dr. Schmult, Centurion of Minnesota, Dr. Stephen Craane, Kathy Reid, David Reishus, and Katherine Powers,<br><br>             Defendants. | Case No. 15-cv-2778 (SRN/HB)<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

Courtney Bernard Clark, #42698, North Dakota State Prison, PO Box 5521, 3100 Railroad Ave., Bismarck, ND 58506, pro se.

Timothy S. Christensen, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 900, St. Paul, MN 55101, for Defendants Commissioner Tom Roy, Nannette Larson, Kathy Reid, David Reishus, and Katherine Powers.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Hildy Bowbeer dated January 8, 2016 [Doc. No. 23]. In the R & R, Magistrate Judge Bowbeer recommended that this Court deny Plaintiff Courtney Bernard Clark's self-styled Order to Show Cause for a Preliminary Injunction [Doc. No. 4]. Plaintiff filed objections to the R & R ("Objs.") [Doc. No. 26]. At the time the R & R issued, Defendants Commissioner Tom Roy, Nannette Larson, Dr. Schmult, Dr. Stephen Craane, Kathy Reid, David Reishus, Katherine Powers, and Centurion of Minnesota, had not been served. Some, but not all, of the Defendants were served shortly before Plaintiff

1

filed his objections. (See Summons Returned Executed filed 1/27/16 [Doc. No. 25].) No Defendant has filed a response to Plaintiff's objections.

The Court must conduct a *de novo* review of any portion of the R & R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R . Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that *de novo* review, the Court overrules Plaintiff's objections, adopts the R & R in its entirety and denies Plaintiff's motion for preliminary injunctive relief as moot.

## I. BACKGROUND

The factual and procedural background of this preliminary injunction matter is well documented in the R & R and incorporated herein by reference.[1] (See R & R at 1–2.)

Plaintiff is an inmate who was housed at the Minnesota Correctional Facility in Stillwater ("MCF"). (See Compl. at 5 [Doc. No 1].) While incarcerated at MCF, Plaintiff brought claims under 42 U.S.C. § 1983 against Defendants for various alleged abuses and failures related to Plaintiff's care and medical treatment at MCF. (See id. at 6–7.) Primarily, Plaintiff alleges he is not being treated for several nodules in his throat which cause him significant health problems. (See R & R at 2.) Plaintiff subsequently sought preliminary injunctive relief consisting of:

> surgery, to be transferred, a better medical system, to see specialists for his ears, to stop the use of the term 'Münchausen Syndrome' in his medical file, to see a specialist for his back, to stop the gross neglect and harassment by staff members, to make the Minnesota Department of Corrections

---

[1] Plaintiff does not dispute the factual or procedural background as recounted in the R & R. (See generally Objs.)

accountable in some way, to protect him from future cruel and unusual punishment and due process violations, a full-body CAT scan, and compensation in the amount of $500,000.

(Id.)

At some time during the fall of 2015, Plaintiff was transferred from MCF to a state prison in North Dakota. (Id.) Plaintiff alleges Defendants are all associated with Minnesota's state correctional system. (See id. at 3–4.) There is no indication that any of the Defendants are associated with North Dakota's prison system or have any authority or control over the care Plaintiff receives in North Dakota. (See id. at 4.)

Based on these facts, the R & R recommended dismissing Plaintiff's motion for preliminary injunctive relief on the basis that the relief requested was moot. (See id. at 3–4.) The R & R found that because Plaintiff was transferred outside the care and control of Defendants, his request for medical injunctive relief was moot. (See id.) Similarly, the R & R concluded that Plaintiff's request for a transfer was moot because he had in fact been transferred. (See id. at 4.)

In his objections, Plaintiff claims that his medical care is still "controlled" by Defendants because the doctors who treat him in North Dakota refer to his MCF medical records "without [conducting] there [sic] own examination . . . ." (Objs. at 1.) Plaintiff also appears to allege he is not receiving the necessary medical treatment at the prison in North Dakota. (See id. at 2.) However, Plaintiff states his belief that the prison in North Dakota is "one of the safest prisons" he has been in.[2] (See id.)

---

[2] The Court assumes that pursuant to this statement, Plaintiff does not object to the R & R's determination that his requested injunctive relief for transfer to a new facility is moot.

## II. DISCUSSION

### A. Standard of Review

Preliminary injunctions are intended to prevent irreparable harm and preserve the status quo during the pendency of litigation. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In deciding whether a preliminary injunction is warranted, the court should consider "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (these factors are commonly referred to as the "Dataphase Factors"). "While no single factor is determinative, the probability of success factor is the most significant." Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013) (quotations and citations omitted). The party seeking the preliminary injunction bears the burden of proof as to the Dataphase Factors. Chlorine Inst., Inc. v. Soo Line R.R., 792 F.3d 903, 914 (8th Cir. 2015).

Preliminary injunctive relief is considered an extraordinary remedy. Roudachevski v. All-Am. Care Centers, Inc., 648 F.3d 701, 705 (8th Cir. 2011). "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Federal courts are especially cautious with preliminary injunctions related to the

operation of state prisons because of the deference due to those prison authorities. Haggins v. MN Com'r of Corr., No. 10-cv-1002 (DWF/LIB), 2011 WL 4477320, at *2 (D. Minn. July 5, 2011) report and recommendation adopted, No. 10-cv-1002 (DWF/LIB), 2011 WL 4477319 (D. Minn. Sept. 27, 2011) (citing Turner, 482 U.S. at 85); see also Bell v. Wolfish, 441 U.S. 520, 562 (1979) (warning that courts should avoid, "in the name of the Constitution, becom[ing] enmeshed in the minutiae of prison operations")

### B. Plaintiff's Requested Medical Injunctive Relief

Transfer of a prisoner to a new facility can render that prisoner's claims for injunctive relief moot. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). This is especially true where the transfer takes the prisoner outside the authority and care of the allegedly offending prison officials. See Randolph v. Rodgers, 253 F.3d 342, 345–46 (8th Cir. 2001) (denying prisoner's requested prospective injunctive relief as to several employees of a correctional facility the prisoner was no longer incarcerated at because those employees had no authority to enact any granted injunctive relief at the prisoner's present facility); Anderson v. United States, No. 11-cv-1486 (DWF/LIB), 2013 WL 1173948, at *7, n.11 (D. Minn. Jan. 25, 2013) report and recommendation adopted, No. 11-cv-1486 (DWF/LIB), 2013 WL 1173901 (D. Minn. Mar. 20, 2013) aff'd, 564 F. App'x 865 (8th Cir. 2014) cert. denied, 135 S. Ct. 1184 (2015) ("However, Plaintiff cannot be granted injunctive relief [related to receiving medical care] against the individual Defendants employed at FMC–Rochester, because his prison transfer has effectively mooted any

claims for injunctive relief against those Defendants."); see also Abdul-Jabbar v. West, No. 05-CV-0373F, 2009 WL 2762270, at *9 (W.D.N.Y. Aug. 26, 2009) (prisoner could not seek to enjoin medical personal who did not have contact with or authority over him, or prison officials not a party to the underlying action); Davis v. Caruso, No. 07-11740, 2008 WL 878878, at *4 (E.D. Mich. Mar. 28, 2008) ("Because plaintiff is no longer subject to the care of the officials he claims were denying him his ability to send legal mail and receive the treatment prescribed by his treating oncologist [because he was transferred to a new facility], his requests for preliminary injunctive relief are moot.").

The medical injunctive relief Plaintiff seeks is moot because Plaintiff is no longer incarcerated at MCF. By Plaintiff's own account, Defendants are all affiliated with Minnesota's correctional system. There is no indication that any Defendant controls the medical care Plaintiff receives at the North Dakota prison where he is presently held, or has the authority to direct the care Plaintiff receives there. This is unsurprising since Plaintiff is now incarcerated in an different state's correctional system. Plaintiff's contentions that the doctors treating him in North Dakota improperly rely on his medical records from MCF and that he is not receiving the necessary medical care in North Dakota are immaterial to whether the injunctive relief he seeks against Defendants is moot.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

[Doc. No. 26] are **OVERRULED**;

2. The R & R [Doc. No. 23] is **ADOPTED**; and

3. Plaintiff's Motion for Preliminary Injunction [Doc. No. 4] is **DENIED AS MOOT**.

Dated: February 4, 2016                    s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge