UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy, Nannette Larson, Dr. Schmult, Centurion of Minnesota, Dr. Stephen Craane, Kathy Reid, David Reishus, and Katherine Powers,<br><br>Defendants. | Case No. 15-cv-2778 (SRN/HB)<br><br>**ORDER** |

Courtney Bernard Clark, #42698, North Dakota State Prison, PO Box 5521, 3100 Railroad Ave., Bismarck, ND 58506, pro se.

Timothy S. Christensen, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 900, St. Paul, MN 55101, for Defendants Commissioner Tom Roy, Nannette Larson, Kathy Reid, David Reishus, and Katherine Powers.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Courtney Bernard Clark's ("Clark") self-titled Motion for a New Judge ("Motion") [Doc. No. 44]. In the Motion, Clark asks that the Court replace Magistrate Judge Hildy Bowbeer ("Judge Bowbeer") with a "fair and understanding Judge." (See Motion at 1.) The Court construes this as a motion for Judge Bowbeer's recusal.

Clark argues that Judge Bowbeer has "downplayed" his case or otherwise failed to understand his need for legal counsel. (See Motion at 1–2.) Specifically, he contends Judge Bowbeer unfairly "refused to even the battle field" by not granting his motions for

1

appointment of legal counsel[1] to assist with his 42 U.S.C. § 1983 claims against the Defendants. (See id. at 1–2.) In addition to replacing Judge Bowbeer, Clark asks that the Court "rehear" his motion for appointment of legal counsel. (See id. at 2–3.)

Judge Bowbeer has twice denied Clark's motions for appointment of counsel. (See Order dated 11/10/2015 ("Nov. Order") at 3–4 [Doc. No. 20]; Order dated 3/9/2016 ("Mar. Order") at 1–2 [Doc. No. 43].) In doing so, Judge Bowbeer noted that pro se litigants have no constitutional or statutory right to counsel in civil cases and that Clark had, through previous lawsuits, demonstrated his ability to adequately pursue claims in federal court. (See Nov. Order at 3–4; Mar. Order at 1–2.) Judge Bowbeer found that the facts and legal issues of Clark's case were not so complex as to warrant appointment of counsel and that neither Clark nor the Court would substantially benefit from appointment at that time. (See Nov. Order at 3–4; Mar. Order at 1–2.)

There is no statutory or constitutional right to counsel in a civil case. Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). However, at a court's discretion, it *may* appoint counsel where an indigent prisoner has pled a non-frivolous cause of action. See id. (citing 28 U.S.C. § 1915(e)). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Id.

---

[1] Clark has made at least two motions requesting the appointment of counsel. (See Motion to Appoint Counsel [Doc No. 3]; Motion for Legal Representation and Mediator [Doc. No. 42].)

The Court agrees with Judge Bowbeer's analysis and refusal to appoint counsel in this case. Clark's 42 U.S.C. § 1983 claims are fairly straightforward in terms of both facts and law. Clark has demonstrated both in this matter, and in previous cases, see Clark v. Roy, No. 13-cv-2849 (SRN/HB) (D. Minn. filed Oct. 24, 2013), his ability to pursue § 1983 claims without the assistance of counsel. Discovery has yet to begin and thus there is no conflicting testimony. In short, none of the relevant factors favor appointing Clark counsel at this time.

Clark's Motion to recuse Judge Bowbeer is premised on her refusal to appoint him counsel being unfair or otherwise incorrect. (See generally Motion.) Clark presents no other evidence that would require Judge Bowbeer's recusal. Since the Court agrees with Judge Bowbeer's refusal to appoint Clark counsel and can see no other reason why she should be recused, Clark's Motion is denied.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a New Judge [Doc. No. 44] is **DENIED**.

2. To the extent Plaintiff's Motion for a New Judge [Doc. No. 44] constitutes an objection to Judge Bowbeer's Order dated March 9, 2016 [Doc. No. 43], that objection is **OVERRULED**.

3. Plaintiff's Motion to Appoint Counsel and Mediator [Doc. No. 42] is **DENIED**.

Dated: April 8, 2016            s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge