# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>                    Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy, Nannette Larson, Dr. Schmult, Centurion of Minnesota, Dr. Stephen Craane, Kathy Reid, David Reishus, and Katherine Powers,<br><br>                    Defendants. | Case No. 15-cv-2778 (SRN/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

    Plaintiff filed his Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 in this matter on June 23, 2015.  He also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP"), which was granted on November 10, 2015 [Doc. No. 20].  The summons and complaint are served by the United States Marshal Service ("USMS") for parties with IFP status.  To effect proper service, IFP parties are required to complete USM-285 forms, providing complete and correct addresses for each party to be served.  The Clerk's Office provided Plaintiff with those forms on the same day, November 10, 2015 [Doc. No. 20].  A summons was issued for individual Defendants Stephen Craane, Nannette Larson, Katherine Powers, Kathy Reid, David Reishus, Tom Roy, and Dr. Schmult, along with Centurion of Minnesota, on December 23, 2015 [Doc. No. 22].  The summonses were returned executed by the USMS for

Defendants Nannette Larson, Katherine Powers, Kathy Reid, David Reishus, and Tom Roy, on January 27, 2016 [Doc. No. 25]. The summons for Defendants Centurion of Minnesota, Stephen Craane, and Dr. Schmult were returned unexecuted by USMS on January 27, 2016 [Doc. No. 24], with notations that stated the DOC cannot accept service because these defendants were not DOC employees.

Although the USMS is responsible for serving process, it is Plaintiff's responsibility to provide a correct address for service. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). The 120 days for serving the complaint on these Defendants expired long ago. "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[1]

The Court previously ordered Plaintiff to provide complete USM-285 forms with the correct and complete address for each unserved defendant on or before June 16, 2016 [Doc. No. 72]. The Court cautioned that failure to comply with that order would result in a recommendation of dismissal of the claims against any unserved defendants for failure to prosecute.

In a motion filed on June 13, 2016, Plaintiff wrote that he "[n]ever got the Marshal

---

[1] On December 1, 2015, Federal Rule of Civil Procedure 4(m) was amended to reduce the time for service from 120 days to 90 days. This amendment does not apply to cases filed before December 1, 2015, however.

serving papers" [Doc. No. 109].  In an abundance of caution, the Court gave Plaintiff until August 11, 2016, to return new USM-285 forms which the Clerk's Office sent on June 15, 2016 [Doc. No. 122].  The Court noted that Plaintiff had provided a document that appeared to be a page from his medical records showing an address for Stephen Craane, M.D. [Doc. No. 117-1].  The Court ordered that address to be communicated to the U.S. Marshals for insertion in a USM-285 form to be used for service on Dr. Craane.  Centurion of Minnesota and Dr. Stephen Craane file a joint answer on August 11, 2016 [Doc. No. 165].  To date, however, Plaintiff has not provided an updated USM-285 form for Dr. Schmult.  Plaintiff filed a previous motion asking for more time to locate and serve the unserved Defendants in this case, but because he provided no explanation or good cause as to do so after more than a year, the Court denied that motion [Doc. No. 191].

    Accordingly, this Court now recommends, in accordance with its prior orders, that claims against Dr. Schmult be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

    In the alternative, dismissal of claims against Dr. Schmult without prejudice is warranted at this time under Rule 4(m).  More than a year has passed since the Complaint

in this action was filed.  Plaintiff has not effected service of process on Dr. Schmult in a manner consistent with Rule 4, and he has not demonstrated good cause for his failure to do so.  Moreover, Plaintiff has been repeatedly warned of the deficiencies in service and yet has not taken steps to move this case forward with respect to Dr. Schmult.  Dismissal of claims against Dr. Schmult without prejudice is therefore warranted at this time.

Based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that claims against Dr. Schmult be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** under Federal Rule of Civil Procedure 41(b) or, in the alternative, under Federal Rule of Civil Procedure 4(m).

Dated: August 22, 2016                             s/   *Hildy Bowbeer*
                                                                   HILDY BOWBEER
                                                                   United States Magistrate Judge