# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Courtney Bernard Clark,                               Civil No. 15-2778 (SRN/HB)

             Plaintiff,

                                  **MEMORANDUM OPINION**
    v.                                         **AND ORDER**

Commissioner Tom Roy, Nannette
Larson, Dr. Schmult properly known as
Dr. Derek J. Schmidt, Centurion of
Minnesota, Dr. Stephen Craane, Kathy
Reid, David Reishus, and Katherine
Powers,

             Defendants.

---

Courtney Bernard Clark, *Pro Se*, Inmate Number 177753, MCF–Moose Lake, 1000 Lake
Shore Drive, Moose Lake, Minnesota 55767

Timothy S. Christensen, Minnesota Attorney General's Office, 445 Minnesota St., Suite
900, St. Paul, MN 55101, for Defendants Tom Roy, Nannette Larson, Kathy Reid, David
Reishus, and Katherine Powers

Charles A. Gross, Geraghty, O'Loughlin & Kenney, PA, Alliance Bank Center, Suite
1100, 55 East Fifth Street, St. Paul, Minnesota 55101, for Defendant Dr. Schmult
properly known as Dr. Derek J. Schmidt

Anthony J. Novak and Mark A. Solheim, Larson King, LLP, 30 East Seventh Street, Suite
2800, St. Paul, Minnesota 55101, for Defendants Centurion of Minnesota and Dr. Stephen
Craane

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objection of Plaintiff Courtney Bernard Clark ("Clark") [Doc. No. 284] to the Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer dated November 28, 2016 [Doc. No. 270].   In the R&R, Magistrate Judge Bowbeer denied two of Clark's motions regarding his personal property: (1) "Motion for Compensation Relief or Reimbursement of Property, Commissary Taken.  Also School Time and Pay Compensations" [Doc. No. 147]; and (2) "Motion for a[n] Order That Defendants Reimburse Plaintiff Clark for All Property, Canteen, Pictures, that Was Destroyed, Not Allowed, or Missing under the D.O.C. Control, MN and North Dakota" [Doc. No. 171].

Also before the Court is Clark's Objection [Doc. No. 285] to the November 30, 2016 Order ("the Order") of Magistrate Judge Bowbeer  [Doc. No. 272].   In the Order, the magistrate judge denied Clark's "Motion for Modification to Release Order and Objection to Release All of the Plaintiff Clark Medical Files" [Doc. No. 261].

For the reasons set forth below, this Court affirms the Order and adopts the R&R.  The Court sustains Clark's Objection to the R&R regarding his photographs, as additional information presented in Clark's Objection was not presented to the magistrate judge, but overrules his R&R Objection in all other respects.   The Court also overrules Clark's Objection to the Order.

## I.      BACKGROUND

The background of this matter is well documented in the R&R and is incorporated

herein by reference.[1]  (See R&R at 2-4.)  In brief, Plaintiff is an inmate who, during the relevant periods, was incarcerated at the Minnesota Correctional Facility ("MCF") in Oak Park Heights from July 11, 2014 to October 13, 2015; the North Dakota State Penitentiary at Bismark from October 13, 2015 to July 19, 2016; the MCF in Rush City from July 19, 2016 to July 21, 2016; and the MCF in Moose Lake from July 21, 2016 to the present.  (See Wherley Aff. Ex. 1 at 2-3 [Doc. No. 185].)

Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by providing inadequate medical treatment and made decisions regarding his treatment and housing in retaliation for his complaints.  Specifically, Clark alleges that his transfer to North Dakota was in retaliation for complaints that he made on his own behalf and on behalf of other prisoners concerning medical care and conditions in the Minnesota prisons.  (See Am. Definite Stmt. to Compl. at 5 [Doc. No 77].)  Plaintiff alleges that Defendants are all associated with Minnesota's state correctional system, although not all of them are direct employees of the Department of Corrections ("DOC").[2]  (See id. at 3-4.)

### A.    Motions Regarding Clark's Personal Property

The magistrate judge construed Clark's motions concerning his personal property as motions requesting injunctive relief.  (R&R at 1.)  In his motions, Clark alleges that certain items of personal property, including "unallowable property/canteen [items]," personal

---

[1]  Clark does not dispute the factual or procedural background as set forth in the R&R.  (See generally R&R Obj.)

[2]  The Defendants who are employed by the DOC are referred to as "DOC Defendants."

pictures, and long johns were taken from him upon his arrival at the North Dakota State Penitentiary in October 2015.  (Id. at 3) (citing Pls.'s motions).  He also alleges that "unallowable properties and canteen [items]" and "legal papers" were seized when he was transferred from North Dakota back to Minnesota.  (Id.)  In other motions filed in this case, Clark argues that the DOC Defendants failed to warn him that some of his personal effects would not be permitted at the North Dakota facility.  (Id. at 5.)  He seeks the return of his lost property or reimbursement for the missing items.  (Id.)

As to property alleged to have been taken by North Dakota prison officials, the magistrate judge observed that the proper parties were not before the Court.  (Id. at 6-7.)  In addition, Magistrate Judge Bowbeer noted that nothing in the record demonstrated whether Clark had exhausted his administrative remedies in North Dakota.  (Id. at 7, n.3.)  Regarding the property allegedly seized upon Clark's return to Minnesota, the magistrate judge determined that Clark failed to meet the standard necessary for injunctive relief.  (Id. at 8.) Specifically, as to the canteen items, Magistrate Judge Bowbeer found that the value of the medical and food items taken was quantifiable and that even if Plaintiff's financial circumstances made the replacement of these items difficult or impossible, nothing in the record supported a conclusion that immediate replacement was necessary for Plaintiff's health or security.  (Id.)  Regarding the personal photographs, the magistrate judge found that Clark failed to identify or provide any information to support an argument of irreparable harm resulting from the loss of this property.  (Id. at 8.)  Lastly, as to Clark's "legal papers," the magistrate judge observed that in response to previous motions on this very subject, the

4

DOC Defendants had represented that the documents were made available to Clark when he was in the custody of North Dakota officials and upon his return to Minnesota.  (Id.) Magistrate Judge Bowbeer noted that the Court had previously ordered the DOC Defendants to make Plaintiff's legal papers available to him; moreover, the Court had granted Clark numerous extensions of time in order to receive and use the papers.  (Id. at 9.)  Because Plaintiff failed to identify the papers or assert the importance of the papers to him, the Court considered this portion of Clark's motion to be moot.  Accordingly, the magistrate judge recommended the denial of Clark's two motions concerning his personal property.

In his Objection, Clark argues that certain items of personal property cannot be replaced, such as pictures of family members, including deceased relatives.  (R&R Obj. at 4.)  It appears that Clark possessed the photographs prior to his transfer to North Dakota, but did not receive them upon his arrival in North Dakota.  (See id. at 2.)  In addition to other miscellaneous personal items such as clothing, he notes that "legal mail and legal papers, evidence, medical papers," were taken from him in North Dakota.  (Id.)  He also lists a photo album on an inventory of items that "[he] was ordered to send home."  (Ex. 1 to R&R Obj. at 1-2 [Doc. No. 284-1].)

Also, Clark provides additional information in his Objection concerning the seizure of two pairs of Michael Jordan gym shoes.  (R&R Obj. at 2-3.)  The confiscation of the shoes appears to have occurred upon his return to Minnesota.  (Id.)  He states that prison officials informed him that medical approval is required for these shoes, but he is aware of other inmates who lack such approval, yet wear the same type of shoes.  (Id. at 3.)

Throughout his Objection, Clark asserts general allegations of retaliation and lack of due process regarding the seizure of his personal property. (Id. at 1-7.) Clark contends that his complaints, or "kites," regarding the seizure of his property have gone unaddressed. (Id.)

Clark attaches to his R&R Objection a September 13, 2016 letter from Becky Dooley, Warden of MCF-Moose Lake. (Ex. 1 to R&R Obj. at 5-6.) Warden Dooley indicated that upon Clark's arrival at MCF-Moose Lake, he possessed over four tubs of property, while prison regulations require that "all property must fit into the two foot locker limit (unless otherwise noted)." (Id.) (citing Allowable Property List 302.250C, attached to Division Directive 302.250 on "Offender Property"). Warden Dooley also cited prison regulations requiring inmates to "follow the chain of command and contact only one staff at a time" regarding their complaints. (Id.) (citing Division Directive 303.101, "Kites/Communication," Procedure A). She advised Clark to follow the procedure and indicated the names of prison staff, in the chain of command, to whom Clark could direct his kites. (Id.)   In addition, Warden Dooley noted that staff had explained to Clark that he was required to pursue medical authorization in order to possess additional shoes. (Id.) Finally, she stated that Clark had met with property staff and a prison officer on September 6, 2016 to review the property that had put Clark over the allowable limit. (Id.) Warden Dooley referred to a Property Disposition Record that listed the items exceeding the allowable limit and which must be disposed, shipped elsewhere, donated, or destroyed. (Id.)

## B.    Motion Regarding Medical Records

In the November 30, 2016 Order, Magistrate Judge Bowbeer considered Clark's

"Motion for Modification to Release Order and Objection to the Order to Release All of the Plaintiff Clark Medical Files" to be a motion for reconsideration of the Court's Order of September 28, 2016 [Doc. No. 242]. In that prior ruling, the magistrate judge granted Centurion of Minnesota, LLC's and Stephen Craane, M.D.'s Motion to Compel Plaintiff's Medical Records [Doc. No. 203]. Although Clark failed to obtain permission to file a motion for reconsideration, the magistrate judge nevertheless considered the merits of his motion. (Order at 2.) Magistrate Judge Bowbeer found no reason to modify the earlier order. (Id. at 2-3.) She noted that previously, she had granted a motion brought by Clark to compel the DOC to produce his entire medical record. (Id.) The magistrate judge concluded that if the entire record was relevant to Clark, "he can hardly be heard to argue that it is not relevant for Defendants." (Id.) (quoting Order of 9/28/16 at 4.)

In his Objection to the Order, Plaintiff objects to the duration and scope of the medical records subject to release. (Obj. to Order [Doc. No. 285].)

## II.    DISCUSSION

### A.    Motions Regarding Personal Property

Under the standard of review for a motion for preliminary relief, the Court conducts a de novo review of the portion of the magistrate judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

Plaintiff does not object to the magistrate judge's decision to construe his motions regarding personal property as motions for injunctive relief, nor does he argue that the applied the wrong legal standard to such a motion. In any case, the magistrate judge properly

applied the factors set forth in <u>Dataphase Sys., Inc. v. C.L. Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The Court also agrees that to the extent Plaintiff sought an order compelling the North Dakota State Penitentiary to return the property or reimburse Clark, the necessary parties are not before this Court, nor is the Court aware of whether Clark exhausted his administrative remedies in North Dakota.

Regarding the portion of Plaintiff's motions applicable to the DOC Defendants in Minnesota, the Court finds that the magistrate judge properly analyzed the <u>Dataphase</u> factor of irreparable harm. As noted in the R&R, the failure of a party seeking injunctive relief to establish irreparable harm is a sufficient ground upon which to deny a preliminary motion for relief. (R&R at 8) (citing <u>Rogers Grp., Inc. v. City of Fayetteville, Ark.</u>, 629 F.3d 784, 789 (8th Cir. 2010)). Moreover, where the harm can be quantified and compensated monetarily at the conclusion of the litigation (if the plaintiff prevails), courts rarely, if ever, find such harm to be "irreparable." (<u>Id.</u>) (citing <u>Doe v. LaDue</u>, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007). The Court agrees with the magistrate judge that to the extent that Plaintiff's financial circumstances preclude him from replacing some of his personal items in the interim, nothing in the record supports a conclusion that immediate replacement is essential to Plaintiff's health or safety. To the extent that Plaintiff believes that he needs certain items for medical reasons, such as the two pairs of shoes, he may follow prison procedures to try to obtain medical authorization. (<u>See</u> Ex. 1 to R&R Obj. at 5.)

As to the personal photographs, at the time Plaintiff presented his motions to the Magistrate Judge, he failed to provide any information to support an argument that

irreparable harm would result if they were not immediately replaced. (R&R at 8.) Subsequently, in his Objection to the R&R, Clark identifies 44 missing photographs of his deceased common law wife, along with photographs of other friends and family. (R&R Obj. at 2; 4.) The Court sustains Clark's Objection to the R&R with respect to the photographs, noting, however, that the additional information about the photographs was not before the magistrate judge . The DOC Defendants shall confirm whether the photographs are in their possession or in the possession of North Dakota prison officials, by contacting their counterparts in North Dakota. If the photographs are located, the DOC Defendants will use their best efforts to assist in the return of the photographs to Clark.

Also, the Court agrees with the magistrate judge's ruling on Plaintiff's legal papers, which have been the subject of repeated motion practice. Plaintiff did not sufficiently describe or identify these papers in his Objection.

As to Clark's general arguments regarding a lack of due process, it appears that prison officials have explained the applicable regulations to Clark and have further explained the process for filing an internal complaint. (See Ex. 1 to R&R Obj. at 5.)

The Court therefore adopts the R&R, sustains Plaintiff's Objection in part as to his personal photographs and overrules his Objection in part as to the remaining items.

## B.    Motion Regarding Medical Records

A district court's review of a magistrate judge's order on a nondispositive matter, such as the underlying motion seeking reconsideration of a ruling on a motion to compel, is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D.

Minn. 1999); <u>see also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980).  The Court will reverse such a ruling only if it is clearly erroneous or contrary to law.  <u>See</u> 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

Clark objects to the magistrate judge's conclusion regarding the scope and duration of the release of his medical records.  (Obj. to Order at 1-2.)  The Court, however, finds no error in the magistrate judge's ruling.  She reviewed a medical authorization that pertained to "Any and all medical records in the possession of the Dept. of Corrections," finding no temporal or subject matter limitations.  (Order at 2.)  In addition, she observed that because Plaintiff himself had moved to compel the production of his entire medial record, deeming it relevant for his own use, it could not be deemed irrelevant for Defendants.  (<u>Id.</u>)  Finally, the magistrate judge noted that while Clark objected to the release of records pertaining to mental health, such information might reasonably relate to evidence regarding Clark's claims of inadequate treatment or the defense of such a claim, since Plaintiff himself alleges psychological and emotional harm.  (<u>Id.</u> at 3.)  This Court assigns no clear error to the conclusions of the magistrate judge regarding this motion.

**THEREFORE, IT IS HEREBY ORDERED** that:

1.      Plaintiff's Objection [Doc. No. 284] to the November 28, 2016 Report and Recommendation of Magistrate Judge Hildy Bowbeer is **SUSTAINED in part** as to Plaintiff's photographs **and OVERRULED in part** in all other respects;

2.      The November 28, 2016 Report and Recommendation of Magistrate Judge Hildy Bowbeer [Doc. No. 270] is **ADOPTED**;

3.      Plaintiff's "Motion for Compensation Relief or Reimbursement of Property, Commissary Taken.  Also School Time and Pay Compensations" [Doc. No. 147] is **DENIED**;

4.      Plaintiff's "Motion for a[n] Order That Defendants Reimburse Plaintiff Clark for All Property, Canteen, Pictures, that Was Destroyed, Not Allowed, or Missing under the D.O.C. Control, MN and North Dakota" [Doc. No. 171] is **DENIED**;

5.      Plaintiff's Objection [Doc. No. 285] to the November 30, 2016 Order of Magistrate Judge Hildy Bowbeer is **OVERRULED**;

6.      The  November 30, 2016 Order of Magistrate Judge Hildy Bowbeer [Doc. No. 272] is **AFFIRMED**; and

7.      Plaintiff's "Motion for Modification to Release Order and Objection to Release All of the Plaintiff Clark Medical Files" [Doc. No. 261] is **DENIED**. To the extent that Plaintiff has not already done so, he must sign the authorization for the release of his medical records and return the signed form to counsel for Centurion and Dr. Craane **no later than January 27, 2017**.

Dated:   January 11, 2017                          s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge