## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner Tom Roy et al.,<br><br>Defendants. | Case No. 15-cv-2778 (SRN/HB)<br><br>**ORDER** |

This matter is before the Court on Plaintiff Courtney Bernard Clark's Motion for Permission to Appeal *In Forma Pauperis* ("IFP") [ECF No. 393] and Clark's Motion to Order Defendants to Compensate Plaintiff for Loss Property [ECF No. 390].

Because Clark is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915. According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status on appeal are not excused from paying the appellate filing fee altogether, as is the case for non-prisoner IFP appellants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the appellate filing fee in installments, rather than paying the entire amount in advance. *See Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the appeal, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account. The initial partial filing fee is calculated by taking 20% of either the average monthly deposits or the average monthly balance,

whichever is larger, in the prisoner's account over the past six months. *See* 28 U.S.C. 1915(b)(1).

In this case, the "Certificate" section of Clark's IFP application provides information derived from his inmate trust account and shows that the amount of his average monthly deposits during the preceding six-month period was $145.79, while his average monthly balance during the same period was $35.41. *See* ECF No. 393 at 6. Because the average monthly deposits exceeds the average balance, Clark's initial partial filing fee for his appeal will be 20% of the average monthly deposits, or $29.16.[1] This initial partial filing fee is due immediately. If Clark elects to pursue his appeal, the remaining balance of the $505.00 appellate filing fee will have to be paid in later installments, and prison officials will be authorized to deduct funds from Clark's trust account, as provided by § 1915(b)(2). Clark will be required to pay this filing fee regardless of the outcome of his appeal.

Next, although the Court remains satisfied that this action was properly dismissed, Clark's current appeal is not "frivolous" as that term has been defined by the Supreme Court. Accordingly, Clark's appeal is found to be taken "in good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted — subject to his payment of the $29.16 initial partial filing fee.

Finally, the Court addresses Clark's motion concerning his lost property, specifically, 44 photographs of his family and friends. The Court previously ordered the Department of Corrections Defendants "to confirm whether the photographs are in their possession or are in the possession of North Dakota prison officials," and further ordered the DOC Defendants to "use

---

[1] At the outset of his case, Clark was ordered to pay a similar initial partial filing fee but instead paid $15 and filed documents indicating that he was only able to pay a portion of the initial partial filing fee. He was therefore found to have "no assets and no means" to pay the remainder at that time. ECF No. 20.

their best efforts to assist in the return of the photographs to Clark" if they are located. [ECF No. 288 at 9; ECF No. 372.] On September 6, 2017, the DOC Defendants responded, describing their efforts to determine the whereabouts of the photographs, as well as how they had addressed issues pertaining to Clark's property upon his transfer back from North Dakota. [ECF No. 380.] In that response, Defendants reported that they contacted the North Dakota Department of Corrections, and learned that all of Clark's property had been sent to Minnesota upon his transfer, and that the North Dakota Department of Corrections does not have any of Clark's property at this time. *Id.* at 1. Further, the DOC Defendants reported that Clark sent out a number of personal property items, including a number of photographs, when he was found to have more personal property than allowed under DOC policy. *Id.* at 2. In addition, he filed a property claim with the Minnesota Correctional Facility in Moose Lake after his transfer from North Dakota and did not mention missing photographs in that claim. *Id.* at 2, 5. Thus, while the Court is sympathetic to Clark's loss, the Court finds no basis upon which to conclude the DOC Defendants violated the Court's Order or that they are responsible for the loss of his photographs.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Courtney Bernard Clark's initial partial filing fee for the appeal in this matter is calculated to be $29.16. That amount is due immediately.

2. The remaining balance of the $505.00 filing fee for Clark's appeal must be paid in the manner prescribed by 28 U.S.C. § 1915(b)(2).

3. Subject to these requirements, Clark's application to proceed *in forma pauperis* on appeal [ECF No. 393] is **GRANTED**.

4. Clark's Motion to Order Defendants to Compensate Plaintiff for Loss Property [ECF No. 390] is **DENIED**.

Dated: January 22, 2018                                s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge