# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney Bernard Clark,<br><br>Plaintiff,<br><br>v.<br><br>Tom Roy, Nanette Larson, Dr. Derek Schmidt, Centurion of Minnesota, Dr. Stephen Craane, Katherine Reid, David Reishus, and Katherine Powers-Johnson.<br><br>Defendants. | Case No. 0:15-cv-2778 (SRN/HB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Courtney Bernard Clark, 177753, MCF-Moose Lake, 1000 Lake Shore Drive, Moose Lake, MN 55767, pro se.

Kelly S. Kemp, Lindsay LaVoie, & Timothy S. Christensen, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for Tom Roy, Nanette Larson, Kathy Reid, David Reishus, and Katherine Powers-Johnson.

Charles Gross, Geraghty O'Loughlin & Kenney, PA, Alliance Bank Center, Suite 1100, 55 East Fifth Street, St. Paul, MN 55101, for Dr. Derek Schmidt.

Anthony J. Novak & Mark A. Solheim, Larson King LLP, 30 East 7th Street, Suite 2800, St. Paul, MN 55101, for Centurion of Minnesota and Dr. Stephen Craane.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objections ("Objections") [Doc. No. 407] of Plaintiff, Courtney Bernard Clark, to Magistrate Judge Hildy Bowbeer's April 12, 2019 Order [Doc. No 405] denying Plaintiff's Motion to be Transferred to a Safe Facility [Doc. No. 404]. In addition, Plaintiff has again requested that an attorney be appointed to his case. (Pl.'s Request for an Attorney [Doc. No. 407].) For the reasons set forth below,

1

this Court overrules Plaintiff's Objection, affirms Magistrate Judge Bowbeer's April 12, 2019 Order, and denies Plaintiff's Motion to be Transferred to a Safe Facility and Request for an Attorney to be Appointed.

On November 17, 2017, final judgment in this case was entered. (Sealed J. [Doc. No. 389].) One month later, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit [Doc. No. 391]. Despite the pendency of the appeal, on April 11, 2019, Plaintiff filed this motion. On April 12, 2019, Magistrate Judge Bowbeer denied Plaintiff's Motion because this Court is divested of jurisdiction during the pendency of an appeal. (Apr. 12, 2019 Order.)

On April 22, 2019, Plaintiff objected to Magistrate Judge Bowbeer's Order. (Pl.'s Obj.) In his Objections, Plaintiff reiterated his safety concerns, cited additional health concerns, and requested to be moved to an out-of-state facility. (*Id.* at 2–3.) Plaintiff also filed a letter with the clerk of court again requesting the appointment of an attorney. (Pl.'s Request for an Attorney.)

A magistrate judge's order on a non-dispositive issue is overturned on review only where it is shown that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). Only where the reviewing district court has a "definite and firm conviction" that the magistrate judge erred is a reversal warranted. *See Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937, 943 (D. Minn. 2009).

"The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

appeal." *United States v. Webster*, 797 F.3d 531, 537 (8th Cir. 2015) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Therefore, this Court neither has jurisdiction over any issue in the appealed case nor can it consider any issues that were not within the scope of the original pleadings.

Additionally, pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the court would benefit from having the litigant represented by counsel. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

Here, the Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. Moreover, Plaintiff has demonstrated that he possesses the ability to articulate his claims and to argue his positions, and he is able to communicate effectively with the Court. Finally, the Court is satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff at this time.

Therefore, Magistrate Judge Bowbeer's April 12, 2019 Order denying Plaintiff's Motion to be Transferred to a Safe Facility is neither clearly erroneous or contrary to law. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 406] are **OVERRULED**;

2. Magistrate Judge Bowbeer's April 12, 2019 Order [Doc. No. 405] is **AFFIRMED**;

3. Plaintiff's Motion to be Transferred to a Safe Facility [Doc. No. 404] is **DENIED**;

4. Plaintiff's Request for an Attorney [Doc. No. 407] is **DENIED**.

Dated: May 10, 2019
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge